## DANGER AS APPARENT TO EMPLOYEE AS TO EMPLOYER.

### Circuit Court of Lucas County.

### ALBERT NUSBAUM v. LAKE SHORE & MICHIGAN SOUTHERN RAILWAY.

### Decided, November 21, 1908.

*Negligence—Car Repairer Injured by Flying Piece of Steel—Danger Obvious and Employer Relieved from Liability.*

The danger of a piece of steel flying from a screw or from the hammer with which it was being driven home by a car repairer was as obvious to him as to his employer, and in an action by him against his employer for damages on account of the loss of an eye from such flying particle, he will be presumed to have appreciated the danger notwithstanding an allegation to the contrary.

WILDMAN, J.; PARKER, J., and KINKADE, J., concur.

Error to common pleas court.

This case is one in which Nusbaum brought suit against the railway company for an injury caused, as he claimed, by the negligence of the defendant. Nusbaum was employed as a car repairer. It is said that he notified the company at the time of his employment that he was unskilled in that work. He was employed to drive a screw with a hammer in some work, the nature of which I think it is not worth while to detail—when a portion of the screw flew off and put out one of his eyes.

Our judgment is that, whatever damages arose from the act of using the hammer in driving of the screw, would be just as apparent to a person who had occasion to drive anything made of steel with a hammer as it would be apparent to a person engaged in the repairing of cars. It is not an experience that is peculiar to a particular trade or profession. It is something that belongs to the common usage of people. There is doubt as to whether a danger of that kind—that is, the flying off of a bit of a screw—would so naturally and logically result in the putting out of an eye of a person using the hammer, as to enable us to say that he ought naturally to have appre-

hended it, but if it would not so naturally flow from the act as to induce him to apprehend such a result, we can not see any reason why it would be apprehended by any one else.    In this connection we may cite *McGill* v. *Traction Co.*, 79 Ohio St., 203, and especially the language of Judge Crew, that if there was danger it must have been as apparent to the employee as to the employer.    The employer had no better facilities for ascertaining or appreciating the danger of this character than had the employee.    The case which I am considering differs from the Schultz case, recently considered by us, in particulars and circumstances, although not especially in principle.    The Schultz case went to trial in the court below.    The Nusbaum case comes up by way of demurrer to the petition, the court holding that the petition was insufficient, sustaining the demurrer, and rendering judgment thereon in favor of the defendant company. But if, as stated by the Supreme Court in the case of *Cincinnati Gas & Elec. Co.* v. *Johnston*, 76 Ohio St., 119, 137, it would be the duty of the court to arrest the case from the jury and instruct the jury to return a verdict for the defendant upon the basis of the facts therein disclosed, it must be just as much the duty of the court upon the basis of the facts disclosed in the petition, to hold those facts insufficient to justify a verdict in favor of the party pleading.    It is true that in the Nusbaum case the plaintiff substantially alleges that he was ignorant of the dangers and that his master was not so ignorant; but one can not, by this form of pleading, escape the conclusive results of the principles which have already been enunciated in this case and in the Schultz case; in other words, if it appears by the petition that the danger was so obvious that the employee must be conclusively presumed to appreciate the danger if he knew the circumstances, then, there being no averment that he did not know those circumstances, that conclusive presumption does arise and his averment that he did not appreciate the danger will not avail, because that would be a matter of law rather than a question of fact.

Our judgment is that the court did not err in sustaining the demurrer to this petition, and the judgment of the court therefore will be affirmed.

It is suggested by my associate, Judge Parker, that in saying that it was the claim of the plaintiff that a piece broke off from the screw and flew to his eye and put it out, I have not stated the precise claim of the plaintiff in his petition, which is, rather, that it was a piece which flew from either the screw-head or the hammer, and he is unable to state which. I do not deem this difference as of the slightest consequence; he has claimed in either case that as the result of his hammering, something fell off and hit him in the eye and that he did not understand that that sort of thing would happen; that he did not appreciate the danger; and, as I have already stated, the presumption of law in the use of a simple tool like that is against him and he can not avoid the presumption of law by a contrary rule.